FacP1890
Rec#3721
No Sum Iss
1543

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID BERRY and SANDRA BERRY, )
his wife, GARY CHECONSKY, SHELVA )
D. CRIPPEN, MICHELLE L. HARMON, )
CAROL SUE HOOPES-DEAN, TERESA )
MARKER, LAURIE RUSHFORD, )
DEBORAH S. SAHADY and REBECCA )
THOMSON, )
                        )
       Plaintiff, )
                        )
    vs. )
                        )
ANGELO M. FALCONI, individually and )
t'd b'a ANGIE'S WASHINGTON HONDA)
HARLEY DAVIDSON and ANGELO )
FALCONI FINANCE & RENTAL CO., )
ANGELO F. FALCONI, individually and )
t'd b'a FALCONI ENTERPRISES, )
ANGELO FALCONI FINANCE & )
RENTAL CO. and VIRGINAI MANOR )
SHOPS PARTNERSHIP, PHILLIP )
FALCONI t'd b'a FALCONI ENTERPISES )
and VIRGINIA MANOR SHOPS )
PARTNERSHIP, CESARE, INC., )
FALCONI TOYOTA MOTORS, INC., )
AIRPORT HYUNDAI INC., AIRPORT )
AUTOMOBILES, INC., AFRM, INC., )
FALCONI OLDSMOBILE CADILLAC )
INC., and VIRGINIA MANOR SHOPS )
PARTNERSHIP LLP, )
                        )
       Defendants. )

CIVIL ACTION

NO.     **05 0711**

**JURY TRIAL DEMANDED**

(1)

## COMPLAINT

AND NOW, comes the Plaintiffs, David Berry and Sandra Berry, his wife, Gary

Checonsky, Shelva D. Crippen, Michelle L. Harmon, Carol Sue Hoopes-Dean, Teresa Marker,

Laurie Rushford, Deborah S. Sahady and Rebecca Thomson, by and through their attorneys,

1

Clark A. Mitchell & Associates and Dale J. Gregg, Esquire, and files this Complaint against the

defendants and in support thereof aver as follows:

## INTRODUCTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 ("Title VII") alleging discrimination in employment on account of sex, sexual

harassment, hostile work environment and retaliation, as well as pendant state law claims.

## I.   PARTIES

1.      Plaintiff, David Berry (hereinafter "D. BERRY") is an adult individual residing at

1872 The Circle, Washington, PA 15301.

2.      Plaintiff, Sandra Berry (hereinafter "S. BERRY") is an adult individual residing at

1872 The Circle, Washington, PA 15301.

3.      Plaintiff, Gary Checonsky (hereinafter "CHECONSKY") is an adult individual

residing at 1620 Werich Avenue, Washington, PA 15301.

4.      Plaintiff, Shelva D. Crippen (hereinafter "CRIPPEN") is an adult individual

residing at 4515 Grand Avenue, Shadyside, Ohio 43957.

5.      Plaintiff, Michelle L. Harmon (hereinafter "HARMON") is an adult individual

residing at Lot 18, Reesman's Court, Waynesburg, PA 15370.

6.      Plaintiff, Carol Sue Hoopes-Dean (hereinafter "HOOPES-DEAN") is an adult

individual residing at 417 Locust Avenue, Washington, PA 15301.

7.      Plaintiff, Teresa Marker (hereinafter "MARKER") is an adult individual residing

at 555 Genteel Ridge, Wellsburg, West Virginia 26070.

8.      Plaintiff, Laurie Rushford (hereinafter "RUSHFORD") is an adult individual residing at 1620 Werich Avenue, Washington, PA 15301.

9.      Plaintiff, Deborah S. Sahady (hereinafter "SAHADY") is an adult individual residing at 737 Eighty-Eight Road, Carmichaels, PA 15320.

10.     Plaintiff, Rebecca Thomson (hereinafter "THOMSON") is an adult individual residing at 117 Stoney's Lane, Zelienople, PA 15301.

11.     Plaintiffs, D BERRY, S. BERRY, CHECONSKY, CRIPPEN, HARMON, HOOPES-DEAN, MARKER, RUSHFORD, SAHADY and THOMSON, are collectively referred to as the "Plaintiffs".

12.     Defendant, Angelo M. Falconi ("FALCONI, JR"), is an adult individual t/d/b/a Angie's Washington Honda Harley Davidson ("AWHHD") and Angelo Falconi Finance & Rental Co. Upon information and belief, FALCONI, JR. is currently employed by Cesare, Inc. at 382 West Chestnut Street, Washington, PA 15301.

13.     Defendant, Angelo F. Falconi ("FALCONI, SR"), is an adult individual t/d/b/a Falconi Enterprises ("FE") with a place of business at 940 Henderson Avenue, Washington, PA 15301, Angelo Falconi Finance & Rental Co., and Virginia Manor Shops Partnership. FALCONI, JR. is the only child of FALCONI, SR.

14.     Defendant, Phillip Falconi ("PF"), is an adult individual t/d/b/a Falconi Enterprises ("FE") with a place of business at 940 Henderson Avenue, Washington, PA 15301 and Virginia Manor Shops Partnership.

15.     Defendant, Cesare, Inc., (hereinafter "CESARE") is a Pennsylvania corporation with a place of business at 382 West Chestnut Street, Washington, PA 15301. Upon information and belief FALCONI, SR is the sole shareholder of CESARE.

16.     Defendant, Falconi Toyota Motors, Inc. (hereinafter "FTM"), is a Pennsylvania corporation with a place of business at 307 Washington Road, Washington, PA 15301.

17.     Defendant, Falconi Oldsmobile Cadillac, Inc. (hereinafter "FOC"), is a Pennsylvania corporation with a place of business at 192 Ohio River Boulevard, Ambridge, PA 15202.

18.     Defendant, Airport Hyundai, Inc. (hereinafter "AH"), is a Pennsylvania corporation with a place of business at 876 Narrows Run Road, Coraopolis, PA 15108.

19.     Defendant, Airport Automobiles, Inc. (hereinafter "AA"), is a Pennsylvania corporation with a place of business at 876 Narrows Run Road, Coraopolis, PA 15108.

20.     Defendant, AFRM, Inc. (hereinafter "AFRM"), is a Pennsylvania corporation with a place of business at 4803 Route 51 North, Belle Vernon, PA 15012.

21.     Defendant, Virginia Manor Shops Partnership LLP (hereinafter "VMSLLP"), is a Pennsylvania limited liability general partnership with a place of business at 1419 State Road 980, Canonsburg, PA 15317.

22.     Defendants, FALCONI, JR, FALCONI, SR, PF, CESARE, FTM, FOC, AH, AA, AFRM and VMSLLP are collectively referred to as the "Falconi Defendants".

23.     Upon information and belief, the Falconi Defendants are a single integrated enterprise as evidenced by an interrelation of operations, common management and ownership, centralized labor relations and financial interrelationships and entanglements.

4

24.     Upon information and belief, at all times relevant hereto, Defendant FALCONI,

SR exercised dominion and control over the other Falconi Defendants, specifically including

FALCONI, JR and AWHHD, and directed the hiring, firing and employment practices of the

other Falconi Defendants.


## II     JURISDICTION AND VENUE

25.     Federal Court jurisdiction is founded upon 28 U.S.C. §1331, 1343, and 28 U.S.C.

§ 2000e-2, 2000e-5(f)(3) (P.L. 88-352, Title VII). This action is authorized and instituted

pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (42 U.S.C.

2000(e)-5(f)(1) and (5). Furthermore, Defendants' conduct is violative of the Pennsylvania

Human Relations Act, 43 Pa.C.S. § 951 et seq. ("PHRA"), and Plaintiffs invoke the pendent

jurisdiction of this court to remedy that violation.

26.     The incidents giving rise to the subject cause of action occurred in the Western

District of Pennsylvania. The Falconi Defendants own and operate places of business in the

Western District of Pennsylvania, including but not limited to AWHHD. Therefore, venue

properly lies in this Court pursuant to 28 U.S.C. § 1391(b).

## III.    CLAIM FOR RELIEF

27.     At all times relevant hereto, Plaintiffs were employed at AWHHD's showroom

and offices located at 1325 Washington Road, Washington, PA 15301 and were engaged in the

retail sales of new and used Harley Davidson motorcycles, parts, clothing and accessories.

28.     At all times relevant hereto, each of the Plaintiffs was an "employee" as that term

is defined in U.S.C. § 2000e, et seq and 43 P.S. § 954.

5

29.     Upon information and belief, at all times relevant hereto, the Falconi Defendants were involved in the operation of AWHHD and continually had at least 15 employees.

30.     At all times relevant hereto, the Falconi Defendants were an "employer" within the meaning of Section 701(d) of Title VII in that it was a person engaged in industry affecting commerce and employed, at all relevant times, a requisite number of persons; and is a person within the meaning of Section 701(a) of Title VII.

31.     Upon information and belief, the Falconi Defendants constituted a single employer or integrated enterprise, for the purpose of establishing jurisdiction under Title VII and PHRA. In the alternative, the Falconi Defendants were joint employers for the purpose of establishing jurisdiction under Title VII and PHRA.

32.     At all times relevant hereto, the Falconi Defendants were an "employer" within the meaning of 43 P.S. 954(b) in that it was a person or persons employing four or more persons within the Commonwealth.

33.     At all times relevant hereto, FALCONI, JR was the President of AWHHD and Plaintiffs performed work for FALCONI, JR and had regular contact with FALCONI, JR.

34.     During the course of their employment, Plaintiffs were subject to sexual harassment, a sexually hostile environment, sex discrimination and/or retaliation created by the conduct and actions of FALCONI, JR.

35.     At all times relevant hereto, a sexually hostile, intimidating, demeaning degrading and demoralizing environment existed at AWHHD, which hostile environment was ongoing and pervasive, as a result of the following repeated and continuous acts and conduct of FALCONI, JR, specifically including the following:

a.     The use of rude, insulting, obscene, vulgar and salacious language;

b.     The making of crude and obscene references to plaintiffs' and FALCONI, JR's anatomy;

c.     Graphic or degrading sexual acts and comments;

d.     The making of intimidating and obscene threats to plaintiffs;

e.     The making of demeaning and degrading statements about the female sex;

f.     Expressing hatred toward women and the belief that women lack intelligence; and

g.     Physical assaults and battery.

36.    The above described workplace conduct was discriminatory, offensive, intimidating and unwelcome to Plaintiffs and created a hostile and abusive working environment and was discriminatory, and interfered with Plaintiffs' ability to do their jobs.

37.    The Plaintiffs complained directly to FALCONI, JR on numerous occasions about the offensive and harassing behavior.

3S.    As a direct result of Plaintiffs' complaints, FALCONI, JR retaliated against the Plaintiffs, in ways that detrimentally affected their terms and conditions of employment, including but not limited to, issuing unwarranted reprimands, repeatedly sending Plaintiffs home without pay and terminating their employment. By way of example, S. BERRY, D. BERRY, CHECONSKY, MARKER and SAHADY were terminated from their employment as a direct result of their complaints regarding FALCONI, JR's offensive and harassing behavior.

39.    In response to D. BERRY's complaints about the offensive and harassing behavior directed toward his wife, S. BERRY, FALCONI, JR physically assaulted Mr. Berry.

7

40.     By custom, practice, and in response to instructions, Plaintiffs communicated directly with representatives, management employees, owners, and/or officers of the other Falconi Defendants, including representatives of CESARE and FE regarding day to day employment problems, issues and concerns at AWHHD. Plaintiffs communicated directly with representatives of the FALCONI Defendants, including CESARE and FE, specifically including FALCONI, SR, Edward Morascyk, Esq. and Anthony Marinelli, Esq., regarding employment matters.

41.     Plaintiffs complained about FALCONI, JR's conduct to management employees, owners, and/or officers of the other Falconi Defendants, but said unlawful behavior continued and intensified. By way of example, when HARMON complained to FALCONI, SR about FALCONI, JR's conduct, FALCONI, SR responded that there was nothing he could do.

42.     The Falconi Defendants had actual or constructive notice of Plaintiffs' complaints about the sexual discrimination, harassment and retaliation committed by FALCONI, JR.

43.     The Falconi Defendants took no action to protect Plaintiffs from the discrimination, harassment and retaliation or to correct the hostile work environment created by FALCONI, JR.

44.     The Falconi Defendants authorized, sanctioned and ratified, expressly or implicitly, the conduct of FALCONI, JR., thereby aiding and abetting the acts of sexual discrimination, harassment and retaliation committed by FALCONI, JR.

45.     The actions and inaction of the Falconi Defendants were deliberate and made Plaintiffs' working conditions intolerable. Said actions created an environment where reasonable persons in the Plaintiffs' positions would be forced to resign. By way of example, CRIPPEN,

8

TOMSON and MARKER, were constructively discharged and forced to obtain other employment.

46.     FALCONI, JR repeatedly terminated Plaintiffs' employment because of their gender. By way of example, Plaintiffs' sex was a motivating factor in FALCONI JR's decision to discharge HARMON and RUSHFORD. By way of further example, FALCONI, JR terminated HOOPES-DEAN the day after she informed him of her pregnancy.

47.     As a direct result of the unlawful employment practices and violations of Title VII and the PHRA complained of herein, Plaintiffs have suffered emotional distress, humiliation, physical injury, a loss of self respect and confidence and damage to their career and professional standing. Plaintiffs have experienced a negative effect on their work and the ability to fully and effectively perform their job duties and responsibilities.

48.     As a direct result of the unlawful employment practices and violations of Title VII and PHRA complained of herein, Plaintiffs, specifically including HARMON and HOOPES-DEAN, have suffered severe and continuing emotional and psychological distress and a loss of life pleasures and /or the enjoyment of life.

49.     As a direct result of the unlawful employment practices and violations of Title VII and PHRA complained of herein, Plaintiffs have suffered the loss of their employment, to their great financial detriment.

50.     The unlawful employment practices and violations of Title VII and PHRA complained of herein occurred during the course of the Plaintiffs' employment at AWHHD and were carried out by the Falconi Defendants acting by and through its owners, officers and supervisory personnel.

51    The unlawful employment practices complained of herein were intentional, egregious and outrageous.

52.    The unlawful employment practices complained of herein were done with malice or reckless indifference to Plaintiffs' federally protected rights.

53.    Plaintiffs contacted the Pittsburgh office of the EEOC between August and November of 2004 and reported the unlawful behavior described herein.  Formal complaints were filed with the EEOC, setting forth the Plaintiffs' claims of sexual harassment and sexual discrimination.  Said filings effectively constitute the filing of a charge with the PHRC.

54.    Plaintiffs timely filed complaints with the EEOC and PHRC against AWHHD which complaints are currently pending before the EEOC.

55.    Plaintiffs timely filed complaints with EEOC and PHRC against the other Falconi Defendants, but their pursuit of said complaints provided no real opportunity to obtain a remedy.  On or about February 24, 2005, the EEOC issued a determination permitting Plaintiffs to file this private action.  The Plaintiffs have, therefore, duly exhausted their administrative remedies with respect to these defendants and all conditions precedent to the institution of this lawsuit have been fulfilled.

56.    As a result of the foregoing conduct, Plaintiffs have found it necessary to retain the services of an attorney in these proceedings and are, therefore, entitled to attorney's fees pursuant to Section 706 of Title VII.

56.1.   Each Count in this Complaint is directed and applies to each of the FALCONI Defendants.

10

## COUNT I - SEX DISCRIMINATION
### VIOLATION OF TITLE VII, 42 U.S.C. SECTION 2000e-2 AND PENNSYLVANIA HUMAN RELATIONS ACT , 43 P.S. § 955

57      All the preceding paragraphs are incorporated by reference as if fully set forth at length.

58.      The acts, failures to act, practices and policies of the Falconi Defendants set forth above constitute intentional discrimination on the basis of Plaintiffs' sex in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2 and the Pennsylvania Human Relations Act, 43 P.S. § 955.

WHEREFORE, Plaintiffs requests this Honorable Court to enter judgment in their favor and against the Defendants, Angelo M. Falconi, Angelo F. Falconi, Phillip Falconi, Cesare, Inc. Falconi Toyota Motors, Inc., Airport Hyundai, Inc., Airport Autos, Inc., AFRM, Inc., Virginia Manor Shops Partnership LLP and Falconi Oldsmobile Cadillac, Inc., for actual and compensatory damages, including lost wages and benefits of employment and front pay, plus punitive damages, reasonable attorney's fees and costs.

## COUNT II - HOSTILE WORK ENVIRONMENT
### VIOLATION OF TITLE VII, 42 U.S.C SECTION 2000e-(2)(a)(1) AND PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. § 955

59.      All the preceding paragraphs are incorporated by reference as if fully set forth at length.

60.     At all times relevant hereto, the atmosphere at AWHHD was permeated with discrimination, intimidation, ridicule and insult and Plaintiffs were subject to the following unwelcome acts of sexual harassment:

   a.  The use of rude, insulting, obscene, vulgar and salacious language;

   d.  The making of crude and obscene references to plaintiffs' and FALCONI, JR's anatomy;

   e.  Graphic or degrading sexual acts and comments;

   d.  The making of intimidating and obscene threats to plaintiffs;

   e.  The making of demeaning and degrading statements about the female sex;

   f.  Expressing hatred toward women and the belief that women lack intelligence; and

   g.  Physical assaults and battery.

61.     Said unlawful and discriminatory acts and actions occurred on a regular basis and were severe in nature, such that they altered Plaintiffs' conditions of employment and unreasonably affected their ability to perform their duties.

62.     Plaintiffs are members of a protected class and said unlawful and discriminatory acts were directed at Plaintiffs because of their gender.

63.     The Falconi Defendants had actual or constructive knowledge of the hostile environment at AWHHD and failed to take any remedial measures.

64.     The Falconi Defendants' conduct constitutes a violation of 42 U.S.C. § 2000e-(2) and the Pennsylvania Human Relations Act, 43 P.S. § 955.

65.     Plaintiffs have suffered distress, humiliation, severe emotional and psychological distress and a loss of life's pleasures and/or the enjoyment of life. Plaintiffs have further suffered both physical injury and the loss of their jobs, to their great financial detriment.

WHEREFORE, Plaintiffs requests this Honorable Court to enter judgment in their favor and against the Defendants, Angelo M. Falconi, Angelo F. Falconi, Phillip Falconi, Cesare, Inc., Falconi Toyota Motors, Inc., Airport Hyundai, Inc., Airport Autos, Inc., AFRM, Inc., Virginia Manor Shops Partnership LLP and Falconi Oldsmobile Cadillac, Inc., for actual and compensatory damages, including lost wages and benefits of employment and front pay, plus punitive damages, reasonable attorney's fees and costs.

## COUNT III - CONSTRUCTIVE DISCHARGE
### VIOLATION OF TITLE VII, 42 U.S.C § 2000e-2 AND
### PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. § 955

66.     All the preceding paragraphs are incorporated by reference as if fully set forth at length.

67.     The Falconi Defendants knowingly permitted the discriminatory, hostile and offensive conditions to exist and intensify and thereby rendered it intolerable for Plaintiffs to continue their employment.

68.     Said conditions of employment were so severe and intolerable that a reasonable person in Plaintiffs' position would have been forced to resign.

69.     Under the circumstances, Plaintiffs' resignations were involuntary and amounted to a discharge.

13

70.    The Falconi Defendants' conduct constitutes a violation of 42 U.S.C. § 2000e-(2) and the Pennsylvania Human Relations Act, 43 P.S. § 955.

71.    As a direct result of said intolerable conditions, Plaintiffs have experienced severe emotional and psychological distress and the loss of life's pleasures and/or the enjoyment of life. Plaintiffs have further suffered both physical injury and the loss of their jobs and greatly reduced wages, all to their great financial detriment.

WHEREFORE, Plaintiffs, request this Honorable Court to enter judgment in their favor and against the Defendants, Angelo M. Falconi, Angelo F. Falconi, Phillip Falconi, Cesare, Inc., Falconi Toyota Motors, Inc., Airport Hyundai, Inc., Airport Autos, Inc., AFRM, Inc., Virginia Manor Shops Partnership LLP and Falconi Oldsmobile Cadillac, Inc., for actual and compensatory damages, including lost wages and benefits of employment and front pay, plus punitive damages, reasonable attorney's fees and costs.


## COUNT IV- RETALIATION
## VIOLATION OF TITLE VII, 42 U.S.C. § 2000e- (3) (A) AND
## PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. § 955

72.    All the preceding paragraphs are incorporated by reference as if fully set forth at length.

73.    Plaintiffs engaged in a protected activity when they complained to the Falconi Defendants about the discriminatory, harassing and retaliatory conduct of FALCONI, JR.

74.    As a direct result of the protected activity, Plaintiffs were subjected to a pattern of antagonism and retaliation by the Falconi Defendants, including but not limited to, repeated reprimands, being sent home without pay, and termination.

75.     The Falconi Defendants were aware of said retaliation, harassment and hostility and failed to take appropriate remedial measures, thereby condoning, accepting, approving and intensifying the unlawful conduct of FALCONI, JR.

76.     The Falconi Defendants' conduct constitutes a violation of 42 U.S.C. § 2000e-(2) and the Pennsylvania Human Relations Act, 43 P.S. § 955.

77.     As a direct result of said intolerable conditions, Plaintiffs have experienced severe emotional and psychological distress and the loss of life's pleasures and/or the enjoyment of life. Plaintiffs have further suffered both physical injury, as well as economic loss, all to their great financial detriment.

WHEREFORE, Plaintiffs requests this Honorable Court to enter judgment in their favor and against the Defendants, Angelo M. Falconi, Angelo F. Falconi, Phillip Falconi, Cesare, Inc. Falconi Toyota Motors, Inc., Airport Hyundai, Inc., Airport Autos, Inc., AFRM, Inc, Virginia manor Shops Partnership LLP and Falconi Oldsmobile Cadillac, Inc., for actual and compensatory damages, plus punitive damages, reasonable attorney's fees and costs.

## COUNT V.- PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

78.     All the preceding paragraphs are incorporated by reference as if fully set forth at length.

79.     This is an action arising under the provisions of Pennsylvania law, specifically 43 P.S. § 951, et seq. (the "Pennsylvania Human Relations Act") and this court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of arises out

of the same facts, events and circumstances as in the previous counts and, therefore, judicial economy and fairness dictate that this count be brought in the same complaint.

80.   By using sex as a basis for their decision to terminate plaintiffs' employment, by sexually harassing plaintiffs, by harassing plaintiffs because of their gender and by creating and fostering a hostile work environment, the Falconi Defendants violated the provisions of 43 P.S. § 955, which prohibit discrimination and harassment based on sex.

81.   Defendant, FALCONI, SR, authorized, sanctioned and ratified, either expressly or implicitly, the conduct of FALCONI, JR, thereby aiding and abetting the prohibited acts of discrimination and harassment committed by FALCONI, JR.

82.   As more fully set forth in the previous counts, the Plaintiffs have suffered, directly and solely as a result of the Falconi Defendants' actions, great economic, economic and physical damages and harm and will continue to suffer same for the indefinite future.

WHEREFORE, Plaintiffs requests this Honorable Court to enter judgment in their favor and against the Defendants, Angelo M. Falconi, Angelo F. Falconi, Phillip Falconi, Cesare, Inc., Falconi Toyota Motors, Inc., Airport Hyundai, Inc., Airport Autos, Inc., AFRM, Inc., Virginia Manor Shops Partnership LLP and Falconi Oldsmobile Cadillac, Inc., for actual and compensatory damages (back pay and benefits and front pay and benefits), interest, reasonable attorney's fees and costs.

## COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83.   All the preceding paragraphs are incorporated by reference as if fully set forth at length.

16

84.     This is an action under Pennsylvania law and this court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of arises out of the same facts, events and circumstances as in the previous counts and, therefore, judicial economy and fairness dictate that this count be brought in the same complaint.

85.     The sexual harassment and the hostile, intimidating, demeaning, degrading and demoralizing work environment described herein was both outrageous in character and extreme in degree.

86.     The sexual harassment and the hostile, intimidating, demeaning, degrading and demoralizing work environment described herein was created and perpetuated intentionally or recklessly.

87.     As more fully set forth in the previous counts, the Plaintiffs have suffered, directly and solely as a result of the Falconi Defendants' actions, severe emotional distress as well as great economic, physical, and pecuniary damages and harm and will continue to suffer same for the indefinite future.

WHEREFORE, Plaintiffs requests this Honorable Court to enter judgment in their favor and against the Defendants, Angelo M. Falconi, Angelo F. Falconi, Phillip Falconi, Cesare, Inc., Falconi Toyota Motors, Inc., Airport Hyundai, Inc., Airport Autos, Inc., AFRM, Inc., Virginia Manor Shops, LLP and Falconi Oldsmobile Cadillac, Inc., for actual, compensatory, and economic damages (back pay and benefits and front pay and benefits), interest, punitive damages, reasonable attorney's fees and costs.

## COUNT VII - PUNITIVE DAMAGES

88.    All the preceding paragraphs are incorporated by reference as if fully set forth at length.

89.    Under Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and pendant state law, Defendants are liable for punitive damages for acts of discrimination done with malice or reckless indifference to Plaintiffs' rights.

90.    The Falconi Defendants, acting by and through FALCONI SR, continued to engage in acts of sexual harassment, discrimination and retaliation, including assault and battery, after Plaintiffs had complained of such conduct, and did so with the knowledge that such conduct was offensive to Plaintiffs, thus creating liability for punitive damages for acts done with indifference to Plaintiffs' federally protected rights.

WHEREFORE, Plaintiffs requests this Honorable Court to enter judgment in her favor and against the Defendants, Angelo M. Falconi, Angelo F. Falconi, Phillip Falconi, Cesare, Inc. Falconi Toyota Motors, Inc., Airport Hyundai, Inc., Airport Autos, Inc., AFRM, Inc., Virginia Manor Shops Partnership LLP and Falconi Oldsmobile Cadillac, Inc., for punitive damages.

## COUNT VIII - JURY DEMANDED

91.    Plaintiffs demand a trial by jury of all issues in this action.

Respectfully submitted,

CLARK A. MITCHELL, ESQUIRE
Attorney for Plaintiffs
PA I.D. No. 15864
17 South College Street
Washington, PA 15301
(724) 229-9500


DALE J. GREGG, ESQUIRE
Attorney for Plaintiffs
PA I.D. No. 59230
11 East Beau Street, Suite 200
Washington, PA 15301
(724) 229-9653

19

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID BERRY and SANDRA BERRY, )
his wife, GARY CHECONSKY, SHELVA )
D. CRIPPEN, MICHELLE L. HARMON, )
CAROL SUE HOOPES-DEAN, TERESA )
MARKER, LAURIE RUSHFORD, )
DEBORAH S. SAHADY and REBECCA )
THOMSON, )
                                         )
                    Plaintiff, )
                                         )
          vs. )
                                         )
ANGELO M. FALCONI, individually and )
t'd b'a   ANGIE'S WASHINGTON HONDA)
HARLEY DAVIDSON and ANGELO )
FALCONI FINANCE & RENTAL CO., )
ANGELO F. FALCONI, individually and )
t'd b'a FALCONI ENTERPRISES, )
ANGELO FALCONI FINANCE & )
RENTAL CO. and VIRGINAI MANOR )
SHOPS PARTNERSHIP, PHILLIP )
FALCONI t'd b'a FALCONI ENTERPISES )
and VIRGINIA MANOR SHOPS )
PARTNERSHIP, CESARE, INC., )
FALCONI TOYOTA MOTORS, INC., )
AIRPORT HYUNDAI INC., AIRPORT )
AUTOMOBILES, INC., AFRM, INC., )
FALCONI OLDSMOBILE CADILLAC )
INC., and VIRGINIA MANOR SHOPS )
PARTNERSHIP LLP, )
                                         )
                    Defendants. )

CIVIL ACTION

NO.

**JURY TRIAL DEMANDED**

1

# CIVIL COVER SHEET

05 0711

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

| | |
|---|---|
| **(a) PLAINTIFFS**<br>See attached. | **DEFENDANTS**<br>See attached. |
| **(b)** County of Residence of First Listed Plaintiff  **Washington**<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  **Washington**<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) Dale Gregg, Esq. &<br>Clark A. Mitchell, Esq.; Clark A. Mitchell & Associates;<br>17 South College St.; Washington, PA 15301; 724-229-9500 | Attorneys (If Known) Phillip J. Binotto, Jr., Esq.; Eckert Seamans Cherin & Mellott, LLC; Summit Corporate Center, Suite 200; 1001 Corporate Dr.; Canonsburg, PA 15317; 724-873-2880 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgement

**VI. CAUSE OF ACTION**  Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Title VII of Civil Rights Act of 1964 (as amended); Title I of Civil Rights Act of 1991
Brief description of cause: Sex discrimination and harassment and hostile work environment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions) JUDGE _____   DOCKET NUMBER _____

DATE 5/23/05   SIGNATURE OF ATTORNEY OF RECORD  Clark A. Mitchell

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____